UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPIN MASTER LTD. and SPIN MASTER TOYS UK LIMITED,<br><br>Plaintiffs,<br><br>-v-<br><br>CHAKARUNA4169, CHAMITLASITH-0, DILSHS-32, DUBAN33, GANUMADU0, KORELEC-49, KVIN_PARAMART, LIJIANDSA11, LININGX1195, LIYALNAGE, NKBUISNESS, QUEENSONLINESTORE, RAJITHALAKRUWAN, RAN_EXPORTS21, SHESI_55, SITHUM_MALLLK, SMARTHUB_STORE, SUISFENGX77, SUMRATHN-19, YASHITH_45, and ZHOU9982,<br><br>Defendants. | 22 Civ. 553 (JPC)<br><br>PRELIMINARY INJUNCTION ORDER |

# GLOSSARY

| Term | Definition |
| --- | --- |
| **Plaintiffs or Spin Master** | Spin Master Ltd. and Spin Master Toys UK Limited |
| **Defendants** | chakaruna4169, chamitlasith-0, dilshs-32, duban33, ganumadu0, korelec-49, kvin_paramart, lijiandsa11, liningx1195, liyalnage, nkbuisness, queensonlinestore, rajithalakruwan, ran_exports21, shesi_55, sithum_malllk, smarthub_store, suisfengx77, sumrathn-19, yashith_45, and zhou9982 |
| **eBay** | eBay.com, a San Jose, California-based online marketplace and e-commerce platform owned by eBay Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale and/or sell in what it characterizes as either auction-style or fixed-price formats and ship their retail products, which, upon information and belief, originate from China, among other locations, directly to consumers worldwide and specifically to consumers residing in the U.S., including in New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiffs |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiffs' Complaint |
| **Application** | Plaintiffs' *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Harrs Dec.** | Declaration of Christopher Harrs in Support of Plaintiffs' Application |
| **Ioannou Dec.** | Declaration of Karena K. Ioannou in Support of Plaintiffs' Application |
| **Spin Master Brand(s)** | Brands including Twisty Petz, Rubik's Cube, Flutterbye Fairy, Bunchems, and Hatchimals, as well as under their licensed properties, such as Paw Patrol and Air Hogs |
| **Rubik's Cube Products** | A 3-D cube-shaped combination puzzle that consists of twisting and turning small cubes to return the 3-D cube to its original state with every side having one solid color, which comes in a variation of sizes, including, Rubik's Cube 3x3, Rubik's Cube 4x4, and Rubik's Cube 5x5 |
| **Rubik's Cube Marks** | U.S. Trademark Registration Nos.: 1,242,974 for |

|  | |
|---|---|
|  | "RUBIK'S CUBE" for goods in Class 28 and 1,265,094 for " " for goods in Class 28 |
| **Counterfeit Products** | Products bearing or used in connection with the Rubik's Cube Marks, and/or products in packaging and/or containing labels bearing the Rubik's Cube Marks, and/or bearing or used in connection with marks that are confusingly similar to the Rubik's Cube Marks and/or products that are identical or confusingly similar to the Rubik's Cube Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Defendants' websites and any accounts with online marketplace platforms such as eBay, as well as any as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants, and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any User Accounts through which Defendants, their respective officers, employees, agents, servants, and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell, and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants, and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said accounts are located in the U.S. or abroad)) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong"), which have been identified as engaging in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned, and operated, directly or indirectly by eBay, as well as any as yet undiscovered online marketplace platforms, and/or entities through which Defendants, their respective officers, employees, |

|   |   |
|---|---|
|   | agents, servants, and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell, and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHEREAS, Plaintiffs having moved *ex parte* on January 21, 2022 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiffs' Application on January 24, 2022 ("TRO") which ordered Defendants to appear on February 4, 2022 at 11:00 a.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on January 30, 2022, pursuant to the alternative methods of service authorized by the TRO, Plaintiffs served the Summons, Complaint, TRO, and all papers filed in support of the Application on each and every Defendant;

WHEREAS, on February 4, 2022 at 11:00 a.m., Plaintiffs appeared at the Show Cause Hearing, and no Defendants appeared.

## **ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

    a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

        i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in Counterfeit Products or any other products bearing

   one or more of the Rubik's Cube Marks and/or marks that are confusingly similar to, identical to, and constitute a counterfeiting and/or infringement of the Rubik's Cube Marks;

ii. directly or indirectly infringing in any manner any of Plaintiffs' Rubik's Cube Marks;

iii. using any reproduction, counterfeit, copy, or colorable imitation of Plaintiffs' Rubik's Cube Marks to identify any goods or service not authorized by Plaintiffs;

iv. using Plaintiffs' Rubik's Cube Marks and/or any other marks that are confusingly similar to the Rubik's Cube Marks, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling, and/or otherwise dealing in Counterfeit Products;

v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake, and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale, or sold by Defendants and Defendants' commercial activities and Plaintiffs;

   vi. secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents, or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of Counterfeit Products;

   vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale, and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

   viii. knowingly instructing, aiding, or abetting any person or business entity in engaging in any of the activities referred to in Subparagraphs 1(a)(i) through 1(a)(vii) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) below.

b) Accordingly, eBay and the Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

   i. secreting, concealing, transferring, disposing of, withdrawing, encumbering, or paying Defendants' Assets from or to Defendants' Financial Accounts;

3

      ii. secreting, concealing, destroying, altering, selling off, transferring, or otherwise disposing of and/or dealing with any computer files, data, business records, documents, or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

      iii. knowingly instructing, aiding, or abetting any person or business entity in engaging in any of the activities referred to in Subparagraphs 1(a)(i) through 1(a)(vii) and 1(b)(i) through 1(b)(ii) above and 1(c)(i) through 1(c)(ii) below.

  c) Accordingly, eBay is hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts;

      ii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in Subparagraphs 1(a)(i) through 1(a)(vii), 1(b)(i) through 1(b)(ii) and 1(c)(i) above.

2. As sufficient cause has been shown, the asset restraint with respect to the Financial Institutions granted in the TRO shall remain in place through the pendency of this litigation or until further Order of the Court.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

a) Plaintiffs may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

b) Plaintiffs may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiffs' counsel with all documents and records in their possession, custody, or control (whether located in the U.S. or abroad), relating to any of Defendants' Financial Accounts, User Accounts, and Merchant Storefronts, including, but not limited to, documents and records relating to:

  i. account numbers;
  ii. current account balances;
  iii. any identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts including names, addresses, and contact information;
  iv. any account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any business documents provided for the opening of each and every of Defendants' Financial Accounts;

      v.    any deposits and withdrawal during the previous year from each and every one of Defendants' Financial Accounts and any supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks, and account statements; and

      vi.    any wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank, and the beneficiary's account number.

d) Within fourteen (14) days of receipt of service of this Order, eBay shall provide to Plaintiffs' counsel all documents and records in its possession, custody, or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents, and records relating to:

      i.    any User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information, and account numbers for any User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided to pursuant to Paragraph V(C);

      ii.    the identities, location, and contact information, including any e-mail addresses of Defendants that were not previously provided to pursuant to Paragraph V(C);

   iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment, and any financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts with any Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

   iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling of Counterfeit Products, or any other products bearing one or more of the Rubik's Cube Marks and/or marks that are confusingly similar to, identical to, and constitute an infringement of the Rubik's Cube Marks.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order to Defendants' e-mail addresses to be determined after having been identified by eBay pursuant to Paragraph V(C) of the TRO.

5. As sufficient cause has been shown, that such alternative service by electronic means ordered

in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers, and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

   a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

   b) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where eBay, via eBay's Registered Agent, will be able to download a PDF copy of this Order via electronic mail at TROs@ebay.com.

   c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

   d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department legal@pingpongx.com.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

8. The $5,000.00 bond posted by Plaintiffs shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiffs or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 4th day of February, 2022, at 11:40 a.m.
New York, New York

_____
HON. JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE