UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                        :
SPIN MASTER LTD., *et al.*,                                             :
                                                                        :
                          Plaintiffs,                                   :
                                                                        :   22 Civ. 553 (JPC)
            -v-                                                         :
                                                                        :   ORDER
CHAKARUNA4169, *et. al.*,                                               :
                                                                        :
                          Defendants.                                   :
                                                                        :
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Plaintiffs have moved for default judgment against the remaining Defendants in this case. *See* Dkt. 35.  "[B]efore a court grants a motion for default judgment, it may first assure itself that it has personal jurisdiction over the defendant." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010).  And "[b]efore a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Dynegy Midstream Servs. v. Trammochem*, 451 F.3d 89, 94 (2d Cir. 2006) (same).  It is the plaintiff who ultimately "bear[s] the burden of proving that service was adequate." *Smart Study Co. v. Acuteye-Us*, No. 21 Civ. 5860 (GHW), 2022 WL 2872297, at *4 (S.D.N.Y. July 21, 2022).

      On March 8, 2022, Plaintiffs filed a certificate of service of the summons and Complaint on Defendants.  Dkts. 19-20.  According to those filings, Defendants were served in China via the alternative service authorized for the Temporary Restraining Order, Dkt. 15 ("TRO").  *See* Dkts. 19-20.  The TRO itself authorized delivery to the Defendants' email addresses—which were to be identified by Ebay.com—PDF copies of the Court's TRO order together with the Summons and Complaint, as well as a link to a secure website where the defendant could download PDF copies

of the Court's order, the summons, the Complaint, and all papers filed in support of Plaintiff's TRO application.  TRO at 9.

While service of the TRO and accompanying documents was proper under the terms of the TRO, it remains unclear, however, whether service of the summons and Complaint by email complied with Federal Rule of Civil Procedure 4.  Defendants are all Chinese individuals or entities.  Dkt. 36 ¶ 29.  Judge Woods recently held that service by email on Chinese defendants did not comply with Rule 4 and that the Court therefore lacked personal jurisdiction over them.  *See Smart Study Co.*, 2022 WL 2872297, at *4-15.  The opinion recognized, however, that "some courts, including courts in the Second Circuit, have come to the opposite conclusion, determining that service via email on Chinese defendants is permitted by the Hague Convention."  *Id.* at *9 (collecting cases).

By August 4, 2022, Plaintiffs shall file a supplemental brief explaining whether Plaintiffs properly served Defendants with the summons and Complaint by email under Federal Rule of Civil Procedure 4(f).  In particular, the supplemental brief must analyze the reasoning in *Smart Study*.

To allow time to resolve whether service of the summons and Complaint was proper under Rule 4(f), the Court adjourns *sine die* the default judgment hearing scheduled for August 1, 2022 at 10:30 a.m.

SO ORDERED.

Dated: July 27, 2022
New York, New York

JOHN P. CRONAN
United States District Judge