```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
SPIN MASTER LTD., et al.,                                              :
                                                                       :
                            Plaintiffs,                                :
                                                                       :        22 Civ. 553 (JPC)
        -v-                                                            :
                                                                       :           ORDER
CHAKARUNA4169, et al.,                                                 :
                                                                       :
                            Defendants.                                :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiffs have requested a stay of default judgment proceedings in this case pending the outcome of the appeal of *Smart Study Co. v. Acuteye-Us,* No. 21 Civ. 5860 (GHW), 2022 WL 2872297 (S.D.N.Y. July 21, 2022), which is currently pending before the Second Circuit. Dkt. 47. In *Smart Study Co.*, the district court denied the plaintiff's motion for default judgment, determining that service of the defendants in China via email is prohibited under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters and the Federal Rules of Civil Procedure. *Smart Study Co.*, 2022 WL 2872297, at *1. Because Plaintiffs in this case also have moved for a default judgment after serving Defendants in China via email, Dkt. 37 at 1-2, the outcome of the *Smart Study Co.* appeal could impact their motion.

In determining whether to grant a stay, courts in this District consider five factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). As the Honorable J. Paul Oetken recently determined when granting a stay under similar

circumstances,

> Though *Smart Study Co.* and this case are not related matters, a stay is appropriate. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule . . . does not require that the issues in such proceedings are necessarily controlling of the action before the court."

*Allstar Mktg. Grp., LLC v. akrondh*, No. 21 Civ. 3621 (JPO), 2022 WL 17324939, at *1 (S.D.N.Y. Nov. 29, 2022) (quoting *Goldstein v. Time Warner N.Y.C. Cable Grp.*, 3 F. Supp. 2d 423, 438 (S.D.N.Y. 1998)). This Court similarly determines that a stay is appropriate here, as all five factors favor one. Plaintiffs are the parties requesting a stay and do not assert that they will suffer any prejudice. Dkt. 47 at 2. Defendants, who have not appeared in this action since its onset over ten months ago, would experience minimal burden from a stay and their interests would be furthered by clarity from the Second Circuit on whether they were properly served. It is similarly in the interest of this Court to receive such clarity from the Second Circuit on that issue. And finally, it is in the interests of other persons not party to this litigation and to the public generally to wait for the Second Circuit to decide *Smart Study Co.* in order to "minimize the possibility of conflicts between different courts." *Allstar Mktg. Grp., LLC*, 2022 WL 17324939, at *1 (internal quotation marks omitted).

Plaintiffs' motion to stay is therefore GRANTED. It is further ORDERED that Plaintiffs serve Defendants this Order via the method of service outlined in the Preliminary Injunction, *see* Dkt. 6, within one week of the date of this Order. Within one week of service, Plaintiffs must file proof of such service on the docket.

The Clerk of Court is respectfully directed to stay this case and close the motion pending at Docket Number 47.

SO ORDERED.

Dated: December 22, 2022
       New York, New York

                                              JOHN P. CRONAN
                                         United States District Judge