```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
SPIN MASTER LTD. et al.                                                :
                                                                       :
                        Plaintiffs,                                    :
                                                                       :    22 Civ. 553 (JPC)
        -v-                                                            :
                                                                       :    ORDER
CHAKARUNA4169 et al.                                                   :
                                                                       :
                        Defendants.                                    :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

This Court previously scheduled a default judgment hearing for August 1, 2022. Dkt. 25. That conference was adjourned *sine die* on July 27, 2022 to allow time for Plaintiffs to file a supplemental brief regarding whether service on Defendants located in China was proper. Dkt. 40. Plaintiffs filed this brief on August 11, 2022. Dkt. 44. The Court then stayed this case on December 15, 2022, Dkt. 46, pending the outcome of the appeal in *Smart Study Co. v. Acuteye-Us*, No. 21 Civ. 5860 (GHW), 2022 WL 2872297 (S.D.N.Y. July 21, 2022), a case concerning proper service of Defendants in China under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters (the "Hague Convention"), which was then pending before the Second Circuit. On May 3, 2023, the Second Circuit dismissed that appeal for lack of jurisdiction. *Smart Study Co., Ltd. v. HAPPY PARTY-001*, No. 22-1810 Civ., 2023 WL 3220461 (2d Cir. May 3, 2023). The Court then lifted the stay on May 11, 2023 and directed Plaintiffs to file a declaration concerning efforts taken via third party discovery to confirm the addresses of any Defendants by May 26, 2023. Dkt. 54.

Plaintiffs filed that declaration on May 26, 2023. Dkt. 55. The declaration stated that, of twenty remaining Defendants, third party discovery revealed that four have addresses listed in

China (the "China Defendants"), and sixteen have addresses listed in Sri Lanka (the "Sri Lanka Defendants"). *Id.* ¶ 4. Of the four China Defendants, it appears that Plaintiffs were able to confirm the authenticity of the address only of one Defendant, zhou9982. *Id*. ¶ 10. With respect to the Sri Lanka Defendants, Plaintiffs were "unable to confirm the accuracy of such addresses." *Id.* ¶ 11. However, for four of the Sri Lanka Defendants, chamitlasith-0, rajithalakruwan, shesi_55, and sithum_malllk, Plaintiffs were able to match addresses provided by one third party service provider with those provided by a second provider. *Id.* ¶¶ 12(b), (j), (l), and (m).

The default judgment hearing previously scheduled for July 27, 2022 is rescheduled for August 14, 2023 at 10:00 a.m. That hearing shall take place telephonically. At the scheduled time, counsel for all parties should call (866) 434-5269, access code 9176261. In the event that Defendants do not appear, Plaintiffs' counsel should be prepared to discuss any communications with Defendants or representatives for Defendants regarding their litigation and any intent to challenge the suit, including discussions about the alleged illegal conduct prior to the filing of the lawsuit; how Defendants were served with the Summons and Complaint and this Order; why Plaintiffs' counsel is confident that Defendants have been served with those documents and have notice of the hearing; and the method for calculating damages. The Court will question Plaintiffs' counsel at this hearing regarding the propriety of service on both the China and Sri Lanka Defendants, in particular regarding why counsel is confident that addresses associated with the Sri Lanka Defendants are invalid, and whether there is sufficient reason to believe that the addresses discovered for zhou9982, chamitlasith-0, rajithalakruwan, shesi_55, and sithum_malllk are valid such that the Hague Convention applies. If Plaintiffs believe that the Hague Convention applies, they should be prepared to discuss the validity of service via electronic means on those Defendants under the Hague Convention.

Plaintiffs have already filed their motion for a default judgment and memorandum of law in

support. Dkts. 35, 37. Defendants missed the previous deadline for responding to that motion. *See* Dkt. 33. However, given the time that has elapsed in this case, Defendants may file any response to that motion by June 16, 2023. If they do so, Plaintiffs may file any reply by June 23, 2023.

Additionally, given that Plaintiffs' previous supplemental brief addresses only the issue of service of Defendants in China, Plaintiffs may file an amended supplemental brief by July 1, 2023. If they do so, that brief should address the issue of service of Defendants in Sri Lanka and for each specific Sri Lanka Defendant what actions Plaintiffs have taken to verify their addresses. The brief should also address whether Plaintiffs' position on the inapplicability of the Hague Convention to each specific individual Defendant has changed given further discovery as to Defendants' addresses, and in particular with respect to zhou9982, chamitlasith-0, rajithalakruwan, shesi_55, and sithum_malllk.

Plaintiffs are directed to serve this order on Defendants via the means approved in the Preliminary Injunction Order, Dkt. 6, by June 5, 2023 and to certify that they have done so by June 7, 2023.

SO ORDERED.

Dated: June 1, 2023
New York, New York

_____
JOHN P. CRONAN
United States District Judge