UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                              :

SPIN MASTER LTD. *et al.*,                        :

                        Plaintiffs,              :

                                                              :      22 Civ. 553 (JPC)

          -v-                                      :

                                                   :      <u>FINAL DEFAULT</u>

CHAKARUNA4169 *et al.*,                      :      <u>JUDGMENT AND</u>

                                                   :      <u>PERMANENT</u>

                      Defendants.             :      <u>INJUNCTION ORDER</u>

                                                 :
-------------------------------------------------------------------X

# GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiffs or Spin Master** | Spin Master Ltd. and Spin Master Toys UK Limited | N/A |
| **Defendants** | chakaruna4169, chamitlasith-0, dilshs-32, duban33, ganumadu0, korelec-49, kvin_paramart, lijiandsa11, liningx1195, liyalnage, nkbuisness, queensonlinestore, rajithalakruwan, ran_exports21, shesi_55, sithum_malllk, smarthub_store, suisfengx77, sumrathn-19, yashith_45 and zhou9982 | N/A |
| **Defaulting Defendants** | chakaruna4169, chamitlasith-0, dilshs-32, duban33, ganumadu0, kvin_paramart, lijiandsa11, liningx1195, liyalnage, nkbuisness, queensonlinestore, rajithalakruwan, ran_exports21, shesi_55, sithum_malllk, smarthub_store, suisfengx77, sumrathn-19 and yashith_45 | |
| **eBay** | eBay.com, a San Jose, California-based online marketplace and e-commerce platform owned by eBay Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale and/or sell in what it characterizes as either auction-style or fixed-price formats and ship their retail products directly to consumers worldwide and specifically to consumers residing in the U.S., including in New York | N/A |
| **Sealing Order** | Order to Seal File entered on January 11, 2022 | 1 |
| **Complaint** | Plaintiffs' Complaint filed on January 21, 2022 | 7 |
| **Application** | Plaintiffs' *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery | 10-11, 13-14 |
| **Harrs Dec.** | Declaration of Christopher Harrs in Support of Plaintiffs' Application | 11 |
| **Ioannou Dec.** | Declaration of Karena K. Ioannou in Support of Plaintiffs' Application | 13 |

| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on January 24, 2022 | 15 |
|---|---|---|
| **PI Show Cause Hearing** | February 4, 2022 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | February 4, 2022 Preliminary Injunction Order | 6 |
| **User Account(s)** | Any and all websites and any and all accounts with online marketplace platforms such as eBay, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Spin Master Brand(s)** | Brands, including Twisty Petz, Rubik's Cube, Flutterbye Fairy, Bunchems and Hatchimals, as well as under their licensed properties, such as Paw Patrol and Air Hogs | N/A |
| **Rubik's Cube Marks** | U.S. Trademark Registration Nos.: 1,242,974 for "RUBIK'S CUBE" for goods in Class 28 and 1,265,094 for "[cube images]" for goods in Class 28 | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Rubik's Cube Marks, and/or products in packaging and/or containing labels bearing the Rubik's Cube Marks, and/or bearing or used in connection with marks that are confusingly similar to the Rubik's Cube Marks and/or products that are identical or confusingly similar to the Rubik's Cube Products | N/A |

Case 1:22-cv-00553-JPC   Document 66   Filed 08/14/23   Page 4 of 8


| | | |
|---|---|---|
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online platforms, including, without limitation, those owned and operated, directly or indirectly by eBay, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiffs' Motion for Default Judgment** | Plaintiffs' Motion for Default Judgment and a Permanent Injunction Against Defendants filed on June 27, 2022 | 35 |
| **Futterman Aff.** | Affidavit by Danielle S. Futterman in Support of Plaintiffs' Motion for Default Judgment | 36 |

This matter comes before the Court by motion filed by Plaintiffs for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiffs' Rubik's Cube Marks, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.

The Court, having considered the Memorandum of Law and Affidavit of Danielle S. Futterman in support of Plaintiffs' Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.     **Defaulting Defendants' Liability**

1) Judgment is granted in favor of Plaintiffs for the First and Second Causes of Action pleaded against Defaulting Defendants in the Complaint; the Third and Fourth Causes of Action are dismissed without prejudice;

## II.     **Damages Awards**

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiffs have sufficiently set forth the basis for the statutory damages award requested in their Memorandum of Law in Support of their Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiffs are awarded Fifty

Thousand Dollars ($50,000.000) in statutory damages against Defaulting Defendants liningx1195 and suisfengx77 and One Hundred Thousand Dollars ($100,000.00) in statutory damages against Defaulting Defendants chakaruna4169, chamitlasith-0, dilshs-32, duban33, ganumadu0, kvin_paramart, lijiandsa11, liyalnage, nkbuisness, queensonlinestore, rajithalakruwan, ran_exports21, shesi_55, sithum_malllk, smarthub_store, sumrathn-19 and yashith_45 ("Defaulting Defendants' Individual Damages Award") pursuant to 15 U.S.C. § 1117(c) of the Lanham Act for a total of One Million Eight Hundred Thousand Dollars ($1,800,000.00), plus post-judgment interest.

### III.    **Permanent Injunction**

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Rubik's Cube Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Rubik's Cube Marks;

   B. directly or indirectly infringing in any manner Plaintiffs' Rubik's Cube Marks;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Rubik's Cube Marks to identify any goods or services not authorized by Plaintiffs;

  D. using Plaintiffs' Rubik's Cube Marks and/or any other marks that are confusingly similar to the Rubik's Cube Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

  E. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

  F. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation exportation, advertising, marketing, promotion, distribution, displaying, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiffs any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe Plaintiffs' Rubik's Cube Marks or bear any marks that are confusingly similar to the Rubik's Cube Marks pursuant to 15 U.S.C. § 1118.

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Third Party Service Providers and Financial Institutions are permanently enjoined and restrained from:

A. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Frozen Assets and Defaulting Defendants' Financial Accounts;

B. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(3)(A) above.

### IV.   Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiffs' judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

### V.   Miscellaneous Relief

1) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

2) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiffs submitted in connection with this action to counsel for Plaintiffs, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

3) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this 14th day of August, 2023, at 11:00 a.m.

_____
HON. JOHN P. CRONAN
UNITED STATES DISTRICT JUDGE